UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Tyrone B. Hill,** | Civil No. 06-4720 (PJS/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Carol Holinka,** **Karen Peterson,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on the defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 12). Plaintiff Tyrone Hill is proceeding on his own behalf. Perry F. Sekus, Assistant U.S. Attorney, is representing defendants Carol Holinka and Karen Peterson.[1] The motion is referred for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

In this litigation, Mr. Hill (Hill) alleges the defendants mistreated him in connection with his imprisonment at the federal prison in Waseca. In accordance with *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Hill seeks to hold the defendants liable for violations of the Eighth Amendment, alleging that they deliberately disregarded his medical needs.

The defendants now move to dismiss, or in the alternative, for summary judgment. Hill was given additional time to respond to this motion, but he not filed an opposing memorandum, so the motion is evidently unopposed.

---

[1] Mr. Sekus appears on the brief. He has since departed the U.S. Attorney's Office for other professional opportunities. The defendants are now represented by David W. Fuller, Assistant U.S. Attorney.

**A.     Sovereign Immunity**

The defendants initially claim the doctrine of sovereign immunity bars the action against them.  In his complaint, Hill has not specified whether he brings action against the defendants in their official or individual capacity.  Because this specification is missing, the defendants argue, the action must be treated as a claim against them in their official capacity.  As a claim against an federal employee in his or her official capacity is deemed an action against the United States, and as the United States has not waived sovereign immunity to *Bivens* claims, the defendants assert sovereign immunity here.

Federal sovereign immunity deprives a court of subject matter jurisdiction.  *See Riley v. United States*, 486 F.3d 1030, 1031-32 (8th Cir. 2007).  The defendants thus bring their argument under Rule 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction.  When this motion is based on deficiencies in the complaint—commonly described as a facial challenge to subject matter jurisdiction—a court only examines the allegations in the complaint, which are taken with all reasonable inferences for the plaintiff.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

The defendants' argument is premised on the rule that, where a plaintiff fails to specify in the complaint whether suit proceeds against a government employee in an official or individual capacity, the complaint is assumed to refer solely to official capacity.  This rule is derived from Eighth Circuit cases regarding the sovereign immunity of states under the Eleventh Amendment.  *See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

Other Eighth Circuit cases have held that, where a *Bivens* claim is brought against federal employees in their official capacity, the real party is the United States and so sovereign immunity

2

attaches.  But none adopt the rule from the state sovereign immunity cases, that the absence of capacity allegations means official capacity only.  *See Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000); *Buford v. Runyon*, 160 F.3d 1199, 1201 (8th Cir. 1998); *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).

There are several reasons that the rule should not be applied here.  One is that *Egerdahl*, among other cases, recognizes a plaintiff should have an opportunity to cure technical defects when pleading subject matter jurisdiction.  72 F.3d at 619-20; *see also Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 289-90 (8th Cir. 1998).  It is questionable whether the subject matter jurisdiction of this Court should hinge on a technical error, especially where a pro se plaintiff has yet to bring a motion to amend.

A related concern is, in state sovereign immunity cases, application of the rule ordinarily did not deprive the court of all subject matter jurisdiction.  The difference is that, when applying sovereign immunity to states under the Eleventh Amendment, the immunity is limited to claims for damages and it does not foreclose injunctive relief.  It is for this reason—because there may be legal relief against a person in an individual capacity, and equitable relief against a person in an official capacity—that specification of capacity becomes important.  *See Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989).  And when the official-capacity presumption is applied in this context, it ordinarily does not prevent consideration of the merits.  *Larson*, 414 F.3d at 939-40; *Trevelen v. Univ. of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996).

By comparison, a *Bivens* claim does not permit relief against a government employee in an official capacity.  The only relief is for damages from the employee in an individual capacity.  The rationale is, when an individual government employee violates the constitution, that person necessarily exceeds the scope of those acts lawfully authorized by the government.  *See Bivens v.*

3

*Six Unknown Named Agents*, 403 U.S. 388, 396-97 (1971).  So where the plaintiff prevails on a *Bivens* claim, the judgment is paid by the employee personally, not the United States.  *Cf. Hartje v. Federal Trade Comm'n*, 106 F.3d 1406, 1408 (8th Cir. 1997).

As the doctrine is usually formulated, sovereign immunity attaches where the judgment will affect the public treasury or otherwise interfere with the government's ability to act.  *Dugan v. Rank*, 273 U.S. 609, 620 (1963).  Because a proper *Bivens* claim can only involve the personal liability of a government employee, sovereign immunity cannot attach.

This rule necessarily means there is never a *Bivens* claim against a government employee in an official capacity.  The only way the claim can proceed is against a government employee in an individual capacity.  So it makes no sense to require a plaintiff to specify whether a *Bivens* claim is proceeding against a government employee in an official or an individual capacity.  The application of an official-capacity presumption would make a *Bivens* complaint defective for failure to mention a futile theory of recovery.  This approach is misguided, and it certainly does not comport with the rule that courts liberally examine the allegations in a pro se complaint.  *See Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

As noted beforehand, the Eighth Circuit has consistently rejected *Bivens* claims against a government employee in an official capacity.  Two of these cases involved pro se plaintiffs who, after correctly noting a *Bivens* claim is much like one under 42 U.S.C. § 1983, may have thought it prudent to plead both official and individual capacities.  *See Searcy*, 204 F.3d at 798; *Phelps*, 15 F.3d at 737.  But nothing in these cases suggests a plaintiff would *ever* have a viable *Bivens* claim against a government employee in an official capacity.  *See Buford*, 160 F.3d at 1203.  For this reason, these cases are entirely consistent with the preceding analysis.

Because the official-capacity presumption cannot apply to *Bivens* claims, the defendants' challenge to subject matter jurisdiction fails. Setting their challenge aside, it is well established that *Bivens* claims fall within federal question jurisdiction, and so subject matter jurisdiction is satisfied. 28 U.S.C. § 1331; *Duffy v. Wolle*, 123 F.3d 1026, 1033 (8th Cir. 1997).

**B.    Exhaustion**

Although defendants raise several other arguments, only one merits additional discussion. They contend that, because Hill did not exhaust his remedies under the Prison Litigation Reform Act (PLRA), he cannot obtain relief in court.

If this argument were examined under the standard for a motion to dismiss, for failure to state a claim, only the complaint would be considered. *See Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). But the defendants have submitted other documents, and in such circumstances, a court has discretion to convert the motion from one to dismiss into one for summary judgment. *Casazza v. Kiser*, 313 F.3d 414, 417-18 (8th Cir. 2002).

When exercising this discretion, a court looks at whether the nonmoving party has an adequate opportunity to respond and make a record against summary judgment. *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). This Court finds Hill has ample notice that the defendants are seeking a summary judgment, and Hill was given additional time to submit papers opposing the motion. It is appropriate, therefore, to covert the defendants' motion here into one for summary judgment.

This Court accordingly turns to the standard of review for summary judgment. A party is entitled to summary judgment when the record shows no issue of material fact and the moving party is legally entitled to judgment as a matter of law. *Menz v. New Holland North America, Inc.*, 507 F.3d 1107, 1110 (8th Cir. 2007). When examining whether there is an issue of material

5

fact, all reasonable inferences are taken in favor of the nonmoving party. *Deal v. Consumer Programs, Inc.*, 470 F.3d 1225, 1229 (8th Cir. 2006). An issue of material fact is present where there is sufficient evidence for a jury to reasonably find for the nonmoving party. *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 873 (8th Cir. 2005).

The substantive issue, then, is whether Hill has met the exhaustion requirement under the PLRA. This requirement appears at 42 U.S.C. § 1997e(a), which provides in relevant part,

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

So where a prisoner fails to exhaust administrative remedies, by not lodging a grievance about an issue in accordance with prison regulations, the prisoner cannot seek relief in the federal courts. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

According to Hill's complaint, he was sexually assaulted on December 6, 2004, while he was still at a federal prison in Oxford, Wisconsin. He alleges that when he arrived at the federal prison in Waseca the next day, he informed prison staff about the assault, yet he never received proper medical care. (Exh. 1 at 2-4.)[2]

On Hill's efforts to pursue administrative remedies regarding these issues, the defendants cite a declaration by Dennis Bitz, a government attorney. After reviewing the records at Waseca, Bitz concluded that Hill never filed any grievances there about his treatment. (Exh. 2 at 2.)

In his complaint, Hill implies that he filed a grievance at Waseca, but that it was ignored. He also mentions a grievance he filed on June 20, 2006. (Exh. 1 at 2.) The record shows that prison officials received this grievance, but denied it as untimely, among other reasons. (Exh. 3.)

---

[2] Exhibits are cited in an appendix at the end of this report and recommendation.

The record lacks any indication that Hill ever filed a grievance while at Waseca. To the extent Hill may claim that he did so, his self-serving and uncorroborated statement is not enough to create an issue of material fact or avoid summary judgment. *See Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006); *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

Assuming that Hill's June 20 grievance states the concerns he raises in this litigation, it was filed approximately sixteen months after the conduct at issue. But under prison regulations, a grievance must be filed no later than twenty days after the conduct occurred. *See* 28 C.F.R. § 542.14(a). Because the June 20 grievance was not filed in accordance with prison regulations, it does not satisfy the exhaustion requirement.

The record, therefore, lacks any indication that Hill exhausted administrative remedies as required by the PLRA. This omission prevents him from seeking relief in federal court, which means the defendants are entitled to judgment as a matter of law. Their motion is appropriately granted and this litigation dismissed with prejudice. Because this result is fully dispositive, it is not necessary to address the defendants' remaining arguments.

**C.    Recommendation**

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 12) be **GRANTED.**

2. All claims in this matter be **DISMISSED WITH PREJUDICE.**

3. This litigation be closed and judgment entered.

Dated this 8th day of February, 2008.

                                               *s/ Jeanne J. Graham*
                                               JEANNE J. GRAHAM
                                               United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **February 25, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.

## APPENDIX

Exh. 1    Compl.

Exh. 2    Decl. of D. Bitz, Mar. 22, 2007.

Exh. 3    Mem. of July 3, 2006 [Doc. No. 18].